FILED

AUG 02 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DUNCAN,<br>    Petitioner,<br>    v.<br>UNITED STATES PAROLE COMMISSION, et al.,<br>    Respondents. | Case No. C 18-04579 RS (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Respondent is ordered to show cause on or before **August 10, 2018** why it has not released petitioner from custody.

## BACKGROUND

What follows is based on the petition. It appears that petitioner is being held by the United States Parole Commission without cause. In January 2018, he was arrested for allegedly violating the terms of his federal parole. But, on July 19, 2018, a parole hearing officer determined that there was not sufficient evidence to revoke parole and recommended that petitioner be released forthwith. As of the date of this order, however, petitioner remains in federal custody.

In 1984, petitioner was convicted on federal charges and sentenced to 36 years in prison. He was released on parole in December 2004.

In September 2017, petitioner was arrested by the San Jose police for the misdemeanor possession of methamphetamine and possession of drug paraphernalia. On January 18, 2018, petitioner was arrested by the Commission when he reported to the San Jose Police Department for registration as a sex offender. The federal arrest was premised on the circumstances of the September 2017 drug possession. He had a preliminary interview on March 20, 2018.

Six months after his arrest, on July 19, 2018, a parole revocation was held. The San Jose police officers who arrested petitioner did not appear at the hearing, even though they had been subpoenaed. The hearing examiner recommended a finding of no violation because of insufficient evidence. He further recommended that petitioner be released forthwith, though he noted that the Commission has 21 days to notify petitioner of its decision.

As of the date of this order, petitioner remains in federal custody. Counsel who represented him at the hearing contacted respondents on July 23 and July 27 to ask when petitioner will be released. According to petitioner, respondents said that the Commission was reviewing the hearing results and "a decision should be finalized soon."

Petitioner raises two claims. In the first, he alleges he is being held unlawfully and asks for an order directing respondents to release him from custody. In the second, he alleges that the Commission has violated his rights by failing to give him early-termination hearings. This order concerns only the first claim. The second claim will be addressed at a later date.

## STANDARD OF REVIEW

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why

the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## DISCUSSION

Based on the petition, it appears that petitioner has been in custody for 7 months without cause. He was arrested on January 18, 2018, but was not given a preliminary interview until March 20, 2018. A parolee is entitled to a preliminary interview without unnecessary delay. *Benny v. U.S. Parole Commission*, 295 F.3d 977, 986 (9th Cir. 2002) (due process not violated by a 31-day delay, absent a showing of prejudice).

Petitioner's parole revocation hearing was held on July 19, 2018, but no evidence was found to justify his detention. It is now August 1, 2018 and petitioner remains in custody. This Court therefore must inquire into the lawfulness of his continued detention. "The habeas challenges to parole decisions that we have recognized have all been premised on a causal link between some alleged improper action by the Commission and the fact or duration of a petitioner's confinement." *Id.* at 988.

## CONCLUSION

On or before August 10, 2018, respondents shall show cause why petitioner has not been released from custody. The Clerk shall send copies of this order to respondents forthwith. The Court will appoint the Federal Public Defender as counsel, in a separate order.

**IT IS SO ORDERED.**

**Dated:** August _1_, 2018

RICHARD SEEBORG
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DUNCAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES PAROLE COMMISSION, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-04579-RS<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/2/2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Duncan ID: UMB087
Santa Rita Jail
5325 Broder Blvd.
Dublin, CA 94568

Robin Packel
Federal Public Defenders Office
1301 Clay Street, Suite 200 C
Oakland, CA 94612

Dated: 8/2/2018

Susan Y. Soong
Clerk, United States District Court

By: *Tracy Geiger*
Tracy Geiger, Deputy Clerk to the
Honorable RICHARD SEEBORG