UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS DUNCAN,
    Petitioner,

v.

UNITED STATES PAROLE COMMISSION, et al.,
    Respondents.

Case No. 18-cv-04579-RS (PR)

**SECOND ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner seeks federal habeas relief from his federal parole term. Respondents shall file a response to the habeas petition on or before **November 19, 2018**, unless an extension is granted.

## BACKGROUND

In 1984, petitioner was convicted on federal charges and sentenced to 36 years in prison. He was released on parole in December 2004. In January 2018, he was arrested for allegedly violating the terms of his parole. In August 2018, while still in custody, he filed the instant petition.

The petition presented two claims. In the first, petitioner alleged he was being held unlawfully and asked for a writ of mandamus ordering his release. In the second, he alleged the Commission has violated his rights by failing to give him early-termination

hearings or terminate his parole.

On August 2, 2018, the Court issued an order to show cause concerning only the first claim.[1] (Dkt. No. 5.) Respondents released petitioner from custody and informed the Court of this. (Dkt. Nos. 7 and 8.) Because there is now no relief this Court can order on the first claim, the first order to show cause is DISCHARGED. The Court will now address petitioner's second claim and issue a second order to show cause.

**STANDARD OF REVIEW**

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**DISCUSSION**

Petitioner alleges that the United States Parole Commission has violated his federal statutory rights by failing to either hold timely early-termination hearings, or to terminate his parole. When liberally construed, petitioner has stated claims for relief.

**CONCLUSION**

1. On or before **November 19, 2018**, respondent shall file with the Court and serve on petitioner an answer showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.

2. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

---

[1] The Court also appointed as counsel the federal public defender. (Dkt. No. 4.)

3. In lieu of an answer, respondent may file, on or before **November 19, 2018**, a motion to dismiss on procedural grounds. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

7. The first order to show cause (Dkt. No. 5) is DISCHARGED.

**IT IS SO ORDERED.**

**Dated:** September 10, 2018

_____
RICHARD SEEBORG
United States District Judge