UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DUNCAN,<br>　　　　Petitioner,<br>　　v.<br>UNITED STATES PAROLE COMMISSION, et al.,<br>　　　　Respondent. | Case No. 18-cv-04579-RS (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

This federal habeas action will be dismissed for want of jurisdiction. It is undisputed that petitioner has received all the habeas relief he has requested: he has been released from incarceration and his parole has been terminated. Because there is no habeas relief the Court can grant, there is no jurisdiction. Respondent's motion to dismiss is GRANTED and the petition is DISMISSED. (Dkt. No. 12.)

## BACKGROUND

In 1984, petitioner was convicted on federal charges and sentenced to 36 years in prison. (Second Order to Show Cause, Dkt. No. 9 at 1.) He was released on parole in December 2004. (*Id.*) In January 2018, he was arrested for allegedly violating the terms of his parole. (*Id.*) In August 2018, while still in custody, he filed the instant petition. (*Id.*)

1  The petition presented two claims. In the first, petitioner alleged he was being held unlawfully and asked for a writ of mandamus ordering his release. (*Id.* at 2.) In the second, he alleged the Commission has violated his rights by failing to give him early-termination hearings or terminate his parole. (*Id.*)

On August 2, 2018, the Court issued an order to show cause concerning only the first claim. (Dkt. No. 5.) Respondents released petitioner from custody and informed the Court of this. (Dkt. Nos. 7 and 8.)

On September 10, the Court issued an order to show cause on the second claim. (Dkt. No. 9.) Respondent moves to dismiss the petition on grounds of mootness, petitioner's parole having been terminated. (Dkt. No. 12.)

## STANDARD OF REVIEW

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## DISCUSSION

The Court lacks jurisdiction over this federal habeas petition. It is undisputed that petitioner has received all the habeas relief he requested — he has been released from incarceration and his parole has been terminated. Because there is no habeas relief the Court can give, there is no longer any Article III case or controversy to form the basis for jurisdiction.[1] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). When jurisdiction "ceases to exist,

---

[1] Petitioner has not shown that any exception applies here. There is no reasonable expectation that the wrong will be repeated, *Sze v. INS*, 153 F.3d 1005, 1008 (9th Cir. 1998), nor is there a reasonable expectation that petitioner will be subjected to the same action again, *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999). As respondent states, "[e]ven if Petitioner is arrested again, it would be for new charges."

the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 512 (1868). Accordingly, the action will be dismissed.

## CONCLUSION

The federal habeas action is DISMISSED. Respondent's motion to dismiss is GRANTED. The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** February 13, 2019

_____
RICHARD SEEBORG
United States District Judge

---

(Mot. to Dismiss, Dkt. No. 12 at 7.)